UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY and WILLIS RE INC.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>PAUL HERRIOTT,<br><br>　　　　　　　　　　Defendant. | 21-cv-00487<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

Upon the annexed Memorandum of Law, the Declarations of James Bradshaw and Scott Casher, Esq., and all of the exhibits annexed thereto, it is

ORDERED, that the above named Defendant show cause before this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on_____, 2021, at _____ o'clock in the _____ morning/afternoon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendant during the pendency of this action:

　　A.　from, directly or indirectly, whether alone or in concert with others, and anyone acting in concert with him, continued prosecution of the California Action, and directing that Defendant shall take all steps to promptly secure termination of the California Action, and directing that he shall not commence or maintain any further actions in violation of the RCA's Forum Selection Clause;

26523786v.4

B. from, directly or indirectly, whether alone or in concert with others, including any owner, member, partner, shareholder, officer, agent, employee and/or representative of TigerRisk Partners, LLC, and anyone acting in concert with them:[1]

    i. soliciting any Relevant Client or Relevant Prospect for the purposes of any Business which competes or will compete or seeks to compete with the Restricted Group;

    ii. accepting, performing services for, or dealing with any Relevant Client or Relevant Prospect for the purposes of any Business which competes or will compete or seeks to compete with the Restricted Group;

    iii. soliciting for employment or enticing away from the Restricted Group any Key Personnel;

    iv. employing or engaging or endeavoring to employ or engage any Key Personnel;

    v. performing or supervising the performance of services or provision of products of the type sold or provided by him while employed by Willis Re on behalf of any Relevant Clients or Relevant Prospects;

    vi. soliciting for employment or enticing away from the Restricted Group any Key Personnel or the employing or endeavoring to employ or engage any Key Personnel;

---

[1] All capitalized terms in this Order are defined in the RCA.

26523786v.4

vii.  using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of Willis, including, but not limited to, the name, addresses, and financial information of Willis or any Willis client or prospective client or using, disclosing or transmitting for any purpose, including the solicitation of business, any Confidential Information;

viii. disclosing or using for his own purpose, or for the purpose of any other person or entity, any of Willis' trade secrets or other Confidential Information;

ix.   destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Herriott's possession or control which were obtained from or contain information derived from any of Willis' records, which pertain to Willis, Willis Re's employees, clients, or prospective clients, or which relate to any of the events alleged in this action;

C. Defendant is hereby directed to return to Plaintiffs' counsel any and all records or information pertaining to Willis, Willis' Confidential Information or trade secrets, whether in the original, copies, computerized, handwritten, or any other form, and purge such information from their or its possession, custody, or control, within 24 hours of the Court's Order provided, however, that any information so purged shall be printed and saved to a computer disk or similarly accessible and readable

26523786v.4

  recording device prior to purging and be returned to Willis pursuant to this paragraph; and,

D. Defendant is hereby further directed to fully and completely comply and conform with any and all of his other contractual obligations under the RCA, including compliance with any Order granting Plaintiffs' request for expedited discovery.

ORDERED, that the parties shall be permitted to conduct discovery on an expedited basis, commencing _____, 2021 and ending_____, 2021; and it is further

ORDERED that security in the amount of $_____ be posted by the Plaintiffs prior to_____ , 2021, at_____ o'clock in the_____morning/afternoon of that day; and it is further

ORDERED, that answering papers, if any, must be served by email on Plaintiffs' attorneys of record in this action no later than 5:00 p.m. on_____, 2021, and reply papers, if any, must be served by hand or email upon Defendant's attorneys no later than 5:00 p.m. on_____, 2021; and it is further

ORDERED that service by email of a copy of this Order and the annexed Declarations, exhibits, pleadings, and memoranda of law upon the Defendant's counsel on or before_____ o'clock in the _____ morning/afternoon, _____, 2021, shall be deemed good and sufficient service thereof.

                    SO ORDERED

DATED: _____, 2021
   New York, New York

                    _____
                    United States District Judge

26523786v.4