# EXHIBIT I



**Scott H. Casher**
**Partner**

427 Bedford Road | Pleasantville, NY 10580
Direct 914.487.7343 | Fax 914.487.7323
cashers@whiteandwilliams.com | whiteandwilliams.com

January 20, 2021

<u>**VIA EMAIL**</u>
Daniel J. Eldredge, Esq.
TigerRisk Partners LLC
7601 France Avenue South, Suite 200
Edina, MN 55435
deldredge@tigerrisk.com

   RE: Willis Re / TigerRisk Partners LLC

Dear Mr. Eldredge:

   This law firm represents Willis Re Inc. and Willis Towers Watson ("WTW"). We write in connection with the recent announcement by TigerRisk Partners LLC that it has hired a healthcare-focused professional liability team from Willis Re that includes, but may not be limited to, Scott Strenge, Paul Herriott, Joel Wendland, Anjanette Benning, Daniel Brandt, Susan Smith, John Hayden, Joseph Reitzel, Adam Ewald and Timothy Metke.

   Each of the above-named individuals has: (1) provided their notice of resignation to Willis Re; (2) been provided with a copy of their written agreement(s) with Willis Re and/or WTW containing restrictive covenants; and (3) acknowledged receipt of their written agreement(s). Each of the agreements contains a Notice Period, during which they have agreed to continue to perform their duties and responsibilities and perform work in accordance with expectations conveyed by their manager.

   Willis Re reminded each individual, in writing, that during the Notice Period they shall continue to owe an undivided duty of loyalty to Willis Re, meaning that, among other things, that they may not take any action, directly or indirectly, to solicit, divert, or take any business from Willis Re clients or prospective clients, nor may they, directly or indirectly, solicit any employee(s) or take any actions that are contrary to the business interests of Willis Re.

   Willis Re also reminded each individual, in writing, of their Post-Employment Obligations and restrictive covenants, which include but are not limited to, a prohibition on, directly or indirectly: (1) using or disclosing any Confidential Information; (2) soliciting or accepting business from, transacting or performing any type of business carried on by Willis Re

Daniel J. Eldredge, Esq.
TigerRisk Partners LLC
January 20, 2021
Page 2

for or on behalf of, certain clients or enticing such clients to discontinue, in whole or in part, doing business of any type with Willis Re; (3) soliciting or accepting business from, transacting or performing any type of business carried on by Willis Re for or on behalf of certain prospects; or (4) soliciting or inducing employees of Willis Re to leave to work for a competitor. TigerRisk Partners LLC is a competitor of Willis Re.

Willis Re advised each individual, in writing, that their full compliance with the Post-Employment Obligations and restrictive covenants contained in their agreements is expected and required.[1] Willis Re does not and will not ignore breaches of the aforementioned restrictive covenants (should such breaches occur), and is prepared to institute any and all legal action necessary to protect its legitimate business interests and to remedy any damages that it may sustain as a result of any unlawful actions. In addition to recovering monetary damages that would result from breaches of such Post-Employment Obligations and restrictive covenants, Willis Re may seek injunctive relief, as necessary, to enjoin any violations. Willis Re will also seek its attorneys' fees and costs in connection with any such litigation. We trust that such action will not be necessary.

This letter is not intended to be a complete statement or summary of all of the facts relevant to this matter or of Willis Re's rights in connection with the matters addressed herein or otherwise in connection with their employment and/or separation of employment, or with respect to the conduct of TigerRisk Partners LLC.

Very truly yours,

WHITE AND WILLIAMS LLP

Scott H. Casher

Enclosures

cc:    Robert Lapinsky, Esq.
       Sheri Bloomberg, Esq.
       LaSherril Matthews, Esq.

---

[1] A copy of the letters and their respective agreements containing restrictive covenants is attached hereto.

26471730v.1