UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                               :

WILLIS RE INC., et al.,                      :

                     :

                  Plaintiffs,       :

                     :            21-CV-487 (JMF)

      -v-                         :

                     :                ORDER

PAUL HERRIOTT,                  :

                     :

                  Defendant.       :

                     :

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Upon reflection, the Court concludes that supplemental briefing with respect to Plaintiffs' motion for a temporary restraining order and preliminary injunction is warranted.

First, Plaintiffs make a compelling argument that the New York Court of Appeals's holding in *Ministers & Missionaries Benefit Board v. Snow* — that "New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract," 26 N.Y.3d 466, 474 (2015) — precludes application of the traditional "most significant contacts" conflict-of-laws analysis urged by Defendant, *see* ECF No. 30, at 19-21.  To the extent that *TGG Ultimate Holdings, Inc. v. Hollett,* 224 F. Supp. 3d 275, 282 (S.D.N.Y. 2016), and *Medicrea USA, Inc. v. K2M Spine, Inc.,* No. 17-CV-8677 (AT), 2018 WL 3407702, at *9 (S.D.N.Y. Feb. 7, 2018), hold or suggest otherwise, they do not appear to acknowledge or distinguish *Ministers*, and thus may be unsound.  That said, in *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25 (2d Cir. 2018) (summary order), the Second Circuit suggested that the "fundamental public policy" exception might have survived *Ministers*.  *See id.* at 26 ("In *Ministers*, the Court of Appeals of New York did not have cause to address the status of prior law recognizing that the parties' choice of law must yield to a conflicting law reflecting the 'fundamental public policy' of a state with a 'materially greater interest' in the dispute than the chosen state.").  The Circuit, however, did not decide the issue.

Separately, Defendant's California Labor Code Section 925 argument relies heavily on *Focus Financial Partners, LLC v. Holsopple*, 241 A.3d 784 (Del. Ch. 2020), as counsel acknowledged on the record at the hearing conducted by telephone on February 2, 2021.  On its face, there do seem to be strong parallels between the facts in *Focus Financial Partners* and the facts of this case.  But the *Focus Financial Partners* court appears to have applied Section 925 in connection with, or as part of, a traditional conflict-of-laws analysis under the *Restatement (Second) Conflict of Laws* — in other words, precisely the sort of analysis *Ministers* seems to indicate New York courts should not engage in when presented with a contract with a choice-of-law provision.  *See Focus Financial*, 241 A.3d at 803-04; *see also id.* at 802 ("All of the

potentially operative Delaware-Forum Provisions post-date the effectiveness of Section 925. Focus Parent responds that California law does not apply because of the Delaware-Law Provisions. Focus Parent argues that because the agreements select Delaware law to govern their terms, the Delaware-Forum Provisions are valid. The validity of the Delaware-Forum Provisions thus turns on a choice-of-law determination."). That begs the question of whether, if *Ministers* applies here, the Court should look to § 925 at all.

In light of the foregoing, the parties shall file supplemental briefs, no later than **February 8, 2021**, and not to exceed ten pages each, addressing the following questions:

(1) Following *Ministers*, may a New York court disregard a choice-of-law provision designating New York as the governing law if such application would violate the fundamental public policy of another state?

(2) Does application of California Labor Code § 925 require, in the first instance, a determination under traditional choice-of-law principles that California law applies or, if the law's requirements are otherwise met, does it apply without regard to traditional choice-of-law principles (including but not limited to any choice-of-law provisions in an applicable contract)? Put differently — and as applied to this case — does § 925 render the choice-of-law provisions in the RCAs void (or voidable), such that *Ministers* does not apply and traditional choice-of-law principles govern? Or do the choice-of-law provisions in the RCAs preclude consideration of § 925 altogether, such that *Ministers* applies and the choice-of-law provisions in the RCAs control?

SO ORDERED.

Dated: February 3, 2021
New York, New York

JESSE M. FURMAN
United States District Judge