UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIS RE, INC.,<br><br>     Plaintiff,<br><br> v.<br><br>PAUL HERRIOTT,<br><br>     Defendant. | Case No. 1:21-00487 (JMF) |

**DEFENDANT'S SUPPLEMENTAL BRIEFING WITH RESPECT TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Christine A. Amalfe
Kevin W. Weber
Genna A. Conti
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
(212) 613-2000

Bryant D. Tchida (*admitted pro hac vice*)
John P. Boyle (*admitted pro hac vice*)
Megan J. Renslow (*admitted pro hac vice*)
**MOSS & BARNETT**
150 South Fifth Street, Suite 1200
Minneapolis, Minnesota
(612) 877-5000

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 2

I.    FOLLOWING *MINISTERS*, NEW YORK COURTS CONTINUE TO PROPERLY CONSIDER THE PUBLIC POLICY EXCEPTION TO A CONTRACTUAL CHOICE OF LAW PROVISION. ....................................................... 2

II.   *MINISTERS* IS INAPPLICABLE HERE BECAUSE THE CHOICE OF LAW PROVISION IS VOID AND THE PARTIES EXPRESSED AN INTENT TO BE CONTROLLED BY CALIFORNIA LAW. ........................................................................ 5

    A.    The Choice of Law Provision is Void, and thus *Ministers* Should Not Apply ............................................................................................................... 5

    B.    *Ministers* Recognizes that its Holding is Limited if the Parties Contractually Agree Otherwise .............................................................................. 7

    C.    Because the Choice-of-Law Provisions are Void or Expressly Inapplicable and Invalid, the Application of California Law is Appropriate. ............................ 9

CONCLUSION ........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ABB, Inc. v. Havtech, LLC*,
  No. 650277/2018, 2019 WL 160415 (N.Y. Sup. Ct. Jan. 10, 2019)..........................................3

*Bank of N.Y. v. Yugoimport*,
  745 F.3d 599 (2d Cir. 2014)........................................................................................................9

*Canon U.S.A., Inc. v. Cavin's Bus. Sols., Inc.*,
  208 F. Supp. 3d 494 (E.D.N.Y. 2016) ......................................................................................4

*Capstone Logistics Holdings, Inc. v. Navarrete*,
  736 F. App'x 25 (2d Cir. 2018) ............................................................................................2, 3

*Capstone Logistics Holdings, Inc. v. Navarrete*,
  No. 17-cv-4819 (GBD), 2018 WL 6786338 (S.D.N.Y. Oct. 25, 2018).................................3, 5

*Career Partners v. Brady*,
  No. 652451/2019, 2020 WL 149606 (N.Y. Sup. Ct. Jan 13, 2020)...........................................4

*Cartagena v. Homeland Ins. Co.*,
  No. 19-CV-6287 (CM), 2019 WL 6878243 (S.D.N.Y. Dec. 16, 2019) ...................................9

*Chiacchia v. Nat'l Westminster Bank USA*,
  124 A.D.2d 626 (1986) ............................................................................................................8

*Depner v. Joseph Zukin Blouses*,
  13 Cal. App. 2d 124 (1936) .....................................................................................................6

*DePuy Synthes Sales, Inc. v. Stryker Corp.*,
  No. ED CV 18-1557 FMO, 2020 WL 6205702 (C.D. Cal. Sept. 29, 2020)............................6

*EMA Fin., LLC v. NFusz, Inc.*,
  444 F. Supp. 3d 530 (S.D.N.Y. 2020).......................................................................................3

*Fergus v. Songer*,
  150 Cal. App. 4th 552 (2007) ..................................................................................................7

*Forest Park Pictures v. Universal Television Network, Inc.*,
  683 F.3d 424 (2d Cir. 2012)......................................................................................................9

*Gottwald v. Sebert*,
  No. 653118/2014, 2017 WL 1062924 (N.Y. Sup. Ct. Mar. 20, 2017) .....................................3

*Guthman v. Moss*,
    150 Cal. App. 3d 501 (1984) ...............................................................................................6

*Holiday Image LLC v. Victoria's Secret Stores Brand Mgmt.*,
    No. 14-CV-8660 (JMF), 2015 WL 366931 (S.D.N.Y. Jan. 28, 2015) ......................................9

*IBM v. Mueller*,
    No. 14-CV-9221 (KMK), 2017 WL 4326114 (S.D.N.Y. Sept. 27, 2017) ...............................3

*J&R Multifamily Group, Ltd.*, No. 19-cv-1878 (PKC), 2019 WL 6619329
    (S.D.N.Y. Dec. 5, 2019)........................................................................................................5

*In re LIBOR-Based Financial Instruments Antitrust Litigation*,
    299 F. Supp. 3d 430 (S.D.N.Y. 2018)..................................................................................6

*Marine Midland Bank, N.A. v. United Mo. Bank, N.A.*,
    223 A.D.2d 119 (1st Dept 1996)...........................................................................................3

*Medicrea USA, Inc. v. K2M Spine, Inc.*,
    No. 17-CV-8677 (AT), 2018 WL 3407702 (S.D.N.Y. Feb. 7, 2018)........................................4

*Midwest Motor Supply Co. v. Superior Court of Contra Costa Cty.*,
    270 Cal. Rptr. 3d 683 (Ct. App. 2020) ..................................................................................6

*Miller v. Mercuria Energy Trading, Inc.*,
    291 F. Supp. 3d 509 (S.D.N.Y. 2018)..................................................................................8

*Ministers & Missionaries Benefit Bd. v. Snow*,
    26 N.Y.3d 466 (2015) ................................................................................................. passim

*Nat'l Union Fire Insurance of Pittsburg v. Beelman Truck Co.*,
    203 F. Supp. 3d 312 (S.D.N.Y. 2016)..................................................................................8

*Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*,
    991 F.2d 42 (2d Cir. 1993)....................................................................................................8

*TGG Ultimate Holdings, Inc. v. Hollett*,
    224 F. Supp. 3d 275 (S.D.N.Y. 2016)..................................................................................4

*White Dragon Prod., Inc. v. Performance Guarantees, Inc.*,
    196 Cal. App. 3d 163 (1987) ...............................................................................................6

**Statutes**

Cal. Labor Code § 925 ................................................................................................... passim

Cal. Labor Code § 925(b) .......................................................................................................5

Defendant Paul Herriott ("Herriott") submits this supplemental brief as directed by the Court (ECF No. 32), and in further opposition to Plaintiff's Order to Show Cause for Temporary Restraints.

## **INTRODUCTION**

The Court requested that the parties address the following questions, the answers to which are summarized below:

**1.    "Following *Ministers*, may a New York court disregard a choice-of-law provision designating New York as the governing law if such application would violate the fundamental public policy of another state?"**

**ANSWER:** Yes. Following *Ministers*, and assuming there is a valid contractual choice of law provision (which as explained below, in this case there is not), the Second Circuit and other courts have recognized that *Ministers* did not address, much less disavow, New York's long-recognized public policy exception, which remains good law today. That exception is compelling here, and California law (including California Labor Code § 925) should be applied.

**2.    "Does application of California Labor Code § 925 require, in the first instance, a determination under traditional choice-of-law principles that California law applies or, if the law's requirements are otherwise met, does it apply without regard to traditional choice-of-law principles (including but not limited to any choice-of-law provisions in an applicable contract)? Put differently — and as applied to this case — does § 925 render the choice-of-law provisions in the RCAs void (or voidable), such that *Ministers* does not apply and traditional choice-of-law principles govern? Or do the choice-of-law provisions in the RCAs preclude consideration of § 925 altogether, such that *Ministers* applies and the choice-of-law provisions in the RCAs control?"**

**ANSWER**: For several independent reasons, *Ministers* does not apply, and the court should afford Herriott the protection of California Labor Code § 925. As a preliminary matter, California Labor Code § 925, by its terms, applies to any contract entered into between a California citizen and his or her employer, and thus the illegal choice of law and venue provisions in the RCAs would be deemed void prior to any consideration of choice of law. The court in *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466, 470 (2015) held that, generally, a valid forum selection clause should be enforced; however, in the instant matter, California Labor Code § 925 renders the clause void, and therefore there is no valid clause to enforce. Furthermore, *Ministers* provides that the choice of law analysis should not be conducted "unless the parties expressly indicate otherwise." 26 N.Y.3d at 468. Here, the parties expressly contracted that Herriott's original employment agreement (and its California choice of law provision) would control. Because the choice of law clause in the RCAs is void, and because the parties expressed a contrary intent to the application of New York law in the contract itself, *Ministers* is not applicable, and under a traditional choice of law analysis, California law would control.

1

Beyond the important questions raised by the Court, it is also important to account for the ramifications were the Court to hold that California Labor Code § 925 does not apply here. Such a ruling would eviscerate the California statute and the strong and fundamental public policy behind it. California employers would simply contract with their California employees that New York law applies to all disputes in violation of existing California law, knowing that they can get relief in a New York court, and thus escape the pro-employee statutory mandates of the State of California. Restrictive covenants, long outlawed in California, would overnight become enforceable so long as the California employer used a New York choice of law and venue provision in its contracts. Such a ruling would have a drastic and far reaching impact on all California employees and be inconsistent with New York's long history of deferring to and crediting the strong and fundamental public policies of other states.

## LEGAL ARGUMENT

### I. FOLLOWING *MINISTERS*, NEW YORK COURTS CONTINUE TO PROPERLY CONSIDER THE PUBLIC POLICY EXCEPTION TO A CONTRACTUAL CHOICE OF LAW PROVISION.

The long-standing public policy exception to the enforcement of a contractual choice of law provision remains applicable following the New York Court of Appeals' decision in *Ministers & Missionaries Benefit Bd. v. Snow*, 26 N.Y.3d 466 (2015). As it relates to the questions posed by the Court, it is critical to consider how the post-*Ministers* cases analyze this exception and clarify that it requires an independent analysis—***not*** as part of a traditional choice-of-law analysis—which *Ministers* arguably now forbids where a valid contractual provision is at issue. Rather, the public policy exception—which *Ministers* did not address, let alone disavow—is a separate question, and one that courts continue to consider. A recent Second Circuit case, *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018), correctly recognized that "[i]n *Ministers*, the Court of Appeals of New York did not have cause to address

2

the status of prior law recognizing that the parties' choice of law must yield to a conflicting law reflecting the 'fundamental public policy' of a state with a 'materially greater interest' in the dispute than the chosen state." *Id.* Accordingly, the Second Circuit remanded the issue to the District Court, which held that although the Court could not engage in a conflict-of-law analysis, it ***could*** consider whether a public policy exception should be applied. *Capstone Logistics Holdings, Inc. v. Navarrete*, No. 17-cv-4819 (GBD), 2018 WL 6786338, at *21 (S.D.N.Y. Oct. 25, 2018).

Other courts, post-*Ministers*, have likewise continued to consider this long-standing doctrine. For example, in *Gottwald v. Sebert*, No. 653118/2014, 2017 WL 1062924, at *5 (N.Y. Sup. Ct. Mar. 20, 2017), the Supreme Court of New York, after considering *Ministers*, went on to state that "[t]he parties' choice of New York law should [not] be enforced[ where] the public policy of another jurisdiction has an overriding concern so strong that it trumps New York's strong public policy in maintaining and fostering its undisputed status as the preeminent commercial and financial nerve center of the world." *Id.* (citing *Marine Midland Bank, N.A. v. United Mo. Bank, N.A.*, 223 A.D.2d 119, 123-24 (1st Dept 1996)); *see also ABB, Inc. v. Havtech, LLC*, No. 650277/2018, 2019 WL 160415, at *4 (N.Y. Sup. Ct. Jan. 10, 2019) (same). While the courts in *Gottwald*, and *ABB, Inc.* ultimately declined to apply the exception, the courts, like the Second Circuit in *Capstone*, recognized that the public policy exception remains viable today.

Additionally, there are numerous other cases, post-*Ministers*, where the courts have continued to analyze the public policy exception (though not explicitly considering its viability in light of *Ministers*). *See EMA Fin., LLC v. NFusz, Inc.*, 444 F. Supp. 3d 530, 540 (S.D.N.Y. 2020) ("New York courts may refuse to enforce a choice-of-law clause only where . . . application of the chosen law would violate a fundamental public policy of another jurisdiction with materially

3

greater interests in the dispute."); *IBM v. Mueller*, No. 14-CV-9221 (KMK), 2017 WL 4326114, at *3 (S.D.N.Y. Sept. 27, 2017) ("New York courts may override a contractual choice of law provision when . . . application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state." (quotation omitted)); *Canon U.S.A., Inc. v. Cavin's Bus. Sols., Inc.*, 208 F. Supp. 3d 494, 505 (E.D.N.Y. 2016) ("In this Court's view, the enforcement of a choice-of-law provision that would apply a narrower consumer protection or deceptive trade practices statute does not amount to a violation of a fundamental public policy of another, more interested jurisdiction."); *Career Partners v. Brady*, No. 652451/2019, 2020 WL 149606, at *6-7 (N.Y. Sup. Ct. Jan 13, 2020) (considering whether a foreign jurisdiction had a greater interest that outweighed New York's substantial interest in resolving a dispute); *TGG Ultimate Holdings, Inc. v. Hollett*, 224 F. Supp. 3d 275, 282 (S.D.N.Y. 2016) (recognizing that "the court will still apply the law of another state if (1) that state has a materially greater interest in the litigation than New York and (2) application of New York law would be contrary to a fundamental policy of that state" (citations omitted)); *Medicrea USA, Inc. v. K2M Spine, Inc.*, No. 17-CV-8677 (AT), 2018 WL 3407702, at *9 (S.D.N.Y. Feb. 7, 2018) ("New York courts may refuse to enforce a choice-of-law clause only where (1) the parties' choice has no reasonable basis or (2) application of the chosen law would violate fundamental public policy of another jurisdiction with materially greater interests in the dispute." (citation omitted)).

The analysis in those cases is not unsound, post-*Ministers*. Rather, courts across New York recognize the ongoing viability of the public policy exception. Thus, even if the Court here gives *Ministers* its due weight (which, as discussed below in Point II, that case deserves no weight at all in light of the void choice-of-law provision and/or incorporation of Herriott's prior agreement

4

calling for California law), it may nevertheless disregard the New York choice of law provision if it finds that the public policy exception is compelling given the facts of this case.

This matter presents a superior case for applying the public policy exception. New York and California law obviously conflict as to whether restrictive employment covenants are enforceable. And, in California Labor Code § 925, California further advanced its public policy against restrictive employment covenants by forbidding California employers from evading California law by the use of out-of-state choice of law and forum provisions. As noted above, as a practical matter, if this Court were to hold that the public policy exception did not apply and were to enforce the New York choice of law provision, California Labor Code § 925 would be rendered inapplicable. All California employers would simply use New York choice-of-law and venue provisions, knowing that New York courts will enforce them. The California statute and its fundamental public policy would be eviscerated. That drastic result can be avoided if the Court finds (as it should) that California has a materially greater interest in this dispute than New York (which Plaintiff cannot credibly dispute), and that New York's interest in enforcing its own laws over this dispute is, at best, minimal and far outweighed by California's strong interest in the statutory protections it has granted its citizen employees.

## II. *MINISTERS* IS INAPPLICABLE HERE BECAUSE THE CHOICE OF LAW PROVISION IS VOID AND THE PARTIES EXPRESSED AN INTENT TO BE CONTROLLED BY CALIFORNIA LAW.

### A. The Choice of Law Provision is Void, and thus *Ministers* Should Not Apply

California Labor Code § 925, by its terms, applies to any contract entered into between a California citizen and his or her employer. A provision that violates the law is "rendered void at the request of the employee." Cal. Labor Code § 925(b). Prior to any consideration of choice of law principles, for which this court sitting in diversity applies New York's rules, the court should recognize that the illegal provision selecting New York law and forum has already been rendered

5

void. Then, following *Ministers* and other applicable authority, the Court should find that it was not presented with a ***valid*** choice of law provision to be enforced. *Capstone Logistics Holdings, Inc.*, 2018 WL 6786338, at *21 ("Courts since *Ministers* have held in light of that case that New York courts no longer engage in any conflicts analysis where the parties have agreed to a ***valid choice of law provision***."); *see also J&R Multifamily Grp., Ltd.*, No. 19-cv-1878 (PKC), 2019 WL 6619329, at *3 (S.D.N.Y. Dec. 5, 2019) ("New York law requires the application of the law of a contractually agreed upon state . . . to a claim falling within the scope of a ***valid choice-of-law provision***"); *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 299 F. Supp. 3d 430, 596 n.176 (S.D.N.Y. 2018) ("'[I]n light of the New York Court of Appeals' admonition that 'New York courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract,' we question whether we should continue to analyze sufficient contacts and will decline to set aside an ***otherwise valid choice of law provision*** . . . .") (all emphases added).

As discussed below, the contractual choice of law provision Plaintiff seeks to enforce here is not presumptively or prima facie "valid," as it was in *Ministers* and its progeny. Rather, this provision is void and a nullity. California Labor Code § 925 explicitly voids the choice-of-law provisions contained in the RCAs. *See Midwest Motor Supply Co. v. Superior Court of Contra Costa Cty.*, 270 Cal. Rptr. 3d 683, 686 (Ct. App. 2020) (holding that a California employee could void an Ohio forum-selection clause contained in an employment contract under section 925); *DePuy Synthes Sales, Inc. v. Stryker Corp.*, No. ED CV 18-1557 FMO (KKx), 2020 WL 6205702, at *8 (C.D. Cal. Sept. 29, 2020) (holding that the New Jersey forum selection and choice of law clauses contained in the employment contract pertaining to a California citizen were void pursuant

6

to California Labor Code § 925). The RCA's choice of law provision is thus legally invalid.[1] *See Guthman v. Moss*, 150 Cal. App. 3d 501, 507 (1984) (providing that a "void contract is no contract at all; it binds no one and is a mere nullity."); *Fergus v. Songer*, 150 Cal. App. 4th 552, 573 (2007) (determining that a party exercised its right to void a voidable agreement, and as such, there was no enforceable agreement). Because the choice-of-law provisions have been rendered void, those provisions must be severed from the RCAs. *See* ECF Nos. 3-2, 3-3, 3-4 (RCA at § 5.1) ("The Parties acknowledge that the provisions of this RCA are severable. If any part or provision of this RCA shall be determined by any court or tribunal to be invalid, then such partial invalidity shall not cause the remainder of this RCA to be or become invalid."). For these reasons, the command of *Ministers* to strictly enforce choice of law provisions is inapplicable as there is no valid choice of law provision to enforce in this case.

### B. *Ministers* Recognizes that its Holding is Limited if the Parties Contractually Agree Otherwise.

Under *Ministers*, the presumption of applying the chosen state's substantive law, pursuant to a choice-of-law provision in a contract, can be overcome when "the parties expressly indicate" that another state's law should apply. 26 N.Y.3d 466 at 476. Here, Herriott and Willis Re expressly indicated that the law of California set forth in the Employment Agreement would control and therefore the law of California should apply to the RCAs. ECF No. 30, at 14-17. The parties agreed that in the event the PRSU or PSUAs (which incorporate the RCAs) conflict with earlier employment agreements, the earlier employment agreement remains unaffected and

---

[1] The meaning of "voidable" and "void" is well-established under California law. A "voidable" provision is "subject to be avoided by judicial action." *White Dragon Prod., Inc. v. Performance Guarantees, Inc.*, 196 Cal. App. 3d 163, 172 (1987) (citing *Depner v. Joseph Zukin Blouses*, 13 Cal. App. 2d 124, 127 (1936)). In other words, a "voidable contract is one which may be rendered null at the option of one of the parties." *Id*. Moreover, "a voidable contract is one which is void as to the wrongdoer but not void as to the wronged party unless he elect[s] to so treat it." *Id*.

7

controls. Specifically, the PRSU and PSUAs provide that in the event of a conflict between the PRSU and PSUAs and Herriott's employment agreement, "the terms of any separate employment agreement . . . shall remain in effect ***and will control***." ECF No. 31-2, § 2.2; ECF No. 31-3, § 2.2; ECF No. 31-4, § 2.3 (emphasis added).[2] Paragraph 9 of Herriott's Employment Agreement states that it "shall be governed by California law without giving effect to its conflicts of law principles." ECF No. 31-1, ¶ 8.

These contracts between the parties expressly indicate that California law should apply in the event of an inconsistency without regard to conflicts of law principles. For this independent reason, and consistent with the clear holding of the Court of Appeals in *Ministers,* California law must be applied in this case.

---

[2] That Herriott's original Employment Agreement was expressly incorporated by reference should not be controversial. "To determine whether a contract has incorporated a document by reference, courts look to whether a reasonable person would understand the specific document to be incorporated by reference, in other words, an objective standard." *Miller v. Mercuria Energy Trading, Inc.*, 291 F. Supp. 3d 509, 517 (S.D.N.Y. 2018) (quoting *Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 47 (2d Cir. 1993)), *aff'd*, 774 F. App'x 714 (2d Cir. 2019). Courts consider two factors in making this determination. The first factor is "whether the allegedly incorporated document is expressly identified and 'so referred to and described in the instrument that the paper may be identified beyond all reasonable doubt.'" *Id.* (quoting *Chiacchia v. Nat'l Westminster Bank USA*, 124 A.D.2d 626, 628 (1986)). The second factor is "whether the language incorporating the document 'clearly communicate[s] that the purpose of the reference is to incorporate the referenced material into the contract.'" *Id.* (quoting *Nat'l Union Fire Insurance of Pittsburg v. Beelman Truck Co.*, 203 F. Supp. 3d 312, 322 (S.D.N.Y. 2016)). Here, the Employment Agreement expressly provides that California law governs, *see* ECF No. 31-1, ¶ 8, and the PSUAs and PRSU (to which the RCAs are attached) specifically reference the Employment Agreement, providing that "the terms of any separate employment agreement to which the Associate is a party shall remain in effect and will control to the extent that there are any inconsistencies with this Agreement," *see* ECF No. 31-2, § 2.2; ECF No. 31-3, § 2.2; ECF No. 31-4, § 2.3. Moreover, the RCAs are incorporated to the PSUAs and PRSU by reference. *See* ECF No. 31-2, § 2.1, ECF No. 31-3, § 2.1; ECF No. 31-4, § 2.1. Thus, Herriott's Employment Agreement is expressly identified in the PSUAs and PRSU and objectively incorporates its terms, which control over any conflicting terms into the PSUAs, PRSU and the RCAs (such as their New York choice of law provisions).

8

### C. Because the Choice-of-Law Provisions are Void or Expressly Inapplicable and Invalid, the Application of California Law is Appropriate.

The choice of law provisions in the RCAs are either void under California Labor Code § 925, or expressly inapplicable pursuant to the parties' own agreements whereby they expressly agreed that Herriott's original employment agreement would control in the event of any inconsistency. Thus, *Ministers*, and its strong endorsement of contractual choice of law provisions, is not applicable here. The court must thus return to long-standing choice of law principles, which dictate an application of California law here.

To begin, "[u]nder New York's choice-of-law analysis, the first step is to determine whether there is an actual conflict between the laws of the several states that might apply." *Cartagena v. Homeland Ins. Co.*, No. 19-CV-6287 (CM), 2019 WL 6878243, at *3 (S.D.N.Y. Dec. 16, 2019) (McMahon, C.J.). In light of California's statutory prohibition on post-employment restrictions, a clear conflict exists. When a conflict is apparent, "New York courts 'look[] to the 'center of gravity' of a contract to determine choice of law." *Holiday Image LLC v. Victoria's Secret Stores Brand Mgmt.*, No. 14-CV-8660 (JMF), 2015 WL 366931, at *4 (S.D.N.Y. Jan. 28, 2015) (Furman, J.) (quoting *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012)). "'This approach requires application of the law of the jurisdiction with the most significant interest in, or relationship to, the dispute,' an inquiry that encompasses 'the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile of the contracting parties.'" *Id.* (quoting *Bank of N.Y. v. Yugoimport*, 745 F.3d 599, 609 (2d Cir. 2014)).

Here, it cannot reasonably be questioned that the center of gravity is in California. Herriott lived and worked in California, and he executed both his original agreement and the RCAs in California. Likewise, New York's contacts with this dispute are, at best, tenuous and tertiary. The

9

nexus of this dispute is in California. Thus, if the New York choice of law provision is void or expressly inapplicable and therefore invalid, the Court should resolve that California law applies based on traditional choice of law principles and California law should be applied.

## CONCLUSION

Herriott respectfully requests that this Court deny Willis Re's request for temporary restraints.

Dated: February 8, 2021

Respectfully submitted,

s/ *Christine A. Amalfe*
Christine A. Amalfe
Kevin W. Weber
Genna A. Conti
**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
(212) 613-2000
camalfe@gibbonslaw.com

*Attorneys for Defendant Paul Herriott*

Bryant D. Tchida (*admitted pro hac vice*)
John P. Boyle (*admitted pro hac vice*)
Megan J. Renslow (*admitted pro hac vice*)
**MOSS & BARNETT**
150 South Fifth Street, Suite 1200
Minneapolis, Minnesota
(612) 877-5000