```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
WILLIS RE INC. et al.,                                            :
                                                                  :
                             Plaintiffs,                          :
                                                                  :         21-CV-487 (JMF)
             -v-                                                  :
                                                                  :       MEMORANDUM OPINION
PAUL HERRIOTT,                                                    :            AND ORDER
                                                                  :
                             Defendant.                           :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

For reasons that will be explained in an opinion to follow, the Court concludes, upon review of the parties' submissions, that New York law governs Plaintiffs' claims. More specifically, the Court concludes that (1) the Employment Agreement's choice-of-law provision is limited, by its terms, to that agreement, *see* ECF No. 31-1, § 8 ("This Agreement shall be governed by California law . . ."); (2) neither the Phantom Stock Unit Agreements nor the Restricted Covenant Agreements ("RCAs") incorporate the Employment Agreement by reference, and thus no inconsistency arises from the fact that each agreement is governed by its own choice-of-law provision; (3) because this suit arises out of and relates to the RCAs, the choice-of-law provisions (namely, Section 4.1) of the RCAs apply in the first instance; (4) in light of that, *Ministers & Missionaries Benefit Board v. Snow*, 26 N.Y.3d 466, 474 (2015), requires application of New York law, without regard to whether California has a greater interest in the matter or whether application of New York law would violate the public policy of California; and (5) in light of the foregoing, California Labor Code § 925 does not apply.

In light of that, the Court GRANTS Plaintiffs' motion for a temporary restraining order

("TRO") subject to certain modifications.  (The terms of the TRO will be set forth by separate order to be entered today.)  Among other things, the Court will not enjoin TigerRisk Partners, LLC from prosecuting the related litigation in California as it is not a party to the agreements at issue; accordingly, Herriott is enjoined only with respect to his own claims.  Additionally, Plaintiffs have provided no evidence, other than a conclusory allegation, "[u]pon information and belief," ECF No. 8 ¶ 1, that Herriott has taken any action to improperly solicit Willis Re Inc. ("Willis Re") employees.  This falls short of Plaintiffs' burden "[t]o satisfy the irreparable harm requirement [by demonstrating] that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks omitted).  Accordingly, the Court will not grant that portion of the requested injunctive relief.  *See, e.g.*, *JTH Tax, Inc. v. Sawhney*, No. 19-CV-4035 (AJN), 2019 WL 3051760, at *4 (S.D.N.Y. July 11, 2019) (modifying a request for injunctive relief where "speculation" fell "short of showing that irreparable harm to Plaintiffs' consumer good will or business relationships . . . is actual and imminent"); *W. Publ'g Corp. v. Coiteux*, No. 16-CV-6825 (JSR), 2017 WL 4339486, at *3 (S.D.N.Y. Aug. 28, 2017) (denying a preliminary injunction in the absence of "specific evidence" establishing irreparable injury to client relationships and goodwill).

      The Court reserves judgment on whether to grant a preliminary injunction — and, if so, whether it should be narrower than the terms of the temporary restraining order — pending further briefing in issues that have not been adequately addressed in the parties' briefs to date given their focus on the choice-of-law issue.  More specifically, unless and until the Court orders otherwise, Defendant shall file a (supplemental) memorandum of law in opposition to the motion

for a preliminary injunction, not to exceed fifteen pages, no later than **February 16, 2021**; Plaintiffs shall file a reply memorandum of law, not to exceed ten pages, no later than **February 19, 2021**.  In these briefs, the parties should address the following questions (along with anything else they wish to address):

(1) Whether and to what extent the RCAs are enforceable under New York law (particularly in light of case law suggesting that New York courts may refuse to enforce unreasonable portions of restrictive covenants, including those preventing solicitation of prospective clients), including whether and to what extent the Court should "blue pencil" the agreements.  *See, e.g.*, *Marsh USA Inc. v. Karasaki*, No. 08-CV-4195 (JGK), 2008 WL 4778239, at *21 (S.D.N.Y. Oct. 31, 2008); and

(2) Whether Plaintiffs have made an adequate evidentiary showing to satisfy the irreparable harm requirement for the purposes of entering a preliminary injunction, both in terms of establishing that the alleged harms are concrete and imminent and that they cannot be adequately redressed by money damages.  *See, e.g.*, *Baker's Aid v. Hussmann Foodservice Co.*, 830 F.2d 13, 15-16 (2d Cir. 1987) (per curiam); *Coiteux*, 2017 WL 4339486, at *3-4; *Tradition Chile agentes de Valores Ltda. v. ICAP Sec. USA LLC*, No. 09-CV-10343 (WHP), 2010 WL 185656, at *3-4 (S.D.N.Y. Jan. 12, 2010).

In addition, the parties shall appear for a teleconference on **February 12, 2021** at **10:00 a.m.**  The parties are ORDERED to confer in advance of the conference, and shall be prepared to discuss at the conference, the following issues:

- Whether the motion for a preliminary injunction should be consolidated with trial on the merits (or any motion for summary judgment).  *See* Fed. R. Civ. P. 65(a)(2).

- Whether the briefing deadlines set forth above should be extended and, if so, whether Defendant would consent to a corresponding extension of the TRO.

- Plaintiffs' request for expedited discovery.

- The appropriate size of a bond should the Court grant a preliminary injunction.

- Settlement.

If, after conferring, the parties agree that the motion for preliminary injunction should be consolidated with trial on the merits, they should be prepared to treat the conference as an initial

3

conference and to set a schedule.  In that case, the parties should review the Court's form Proposed Civil Case Management Plan and Scheduling Order, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman, in advance of the conference and be prepared to fill in the relevant dates and deadlines at the conference.

The conference will be held remotely by telephone in accordance with Rule 2(A) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key.  (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.)

As stated in Rule 2(C)(ii) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, **no later than 24 hours before the conference**, the parties shall send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.  More broadly, counsel should review and comply with the rules and guidance regarding teleconferences set forth in the Court's Emergency Individual Rules and Practices in Light of COVID-19.

The Clerk of Court is directed to terminate ECF No. 39.

SO ORDERED.

Dated: February 9, 2021
      New York, New York

                                 JESSE M. FURMAN
                                 United States District Judge