UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY and WILLIS RE INC.<br><br>     Plaintiffs,<br><br> v.<br><br>PAUL HERRIOTT<br><br>     Defendant. | 21-cv-00487<br><br>~~PROPOSED~~ ORDER |

AND NOW, this <u>9th</u> day of <u>February</u>, 2021, upon consideration of the Motion for a Temporary Restraining Order and a Preliminary Injunction by Plaintiffs Willis Towers Watson Public Limited Company ("WTW") and Willis Re Inc. ("Willis Re") (collectively "Willis"), and any response(s) thereto by Defendant Paul Herriott ("Herriott"), and this Court having determined that:

  A. Willis has shown a reasonable likelihood of prevailing on the merits of its claims;

  B. Willis will suffer immediate and irreparable harm if the requested relief is not granted;

  C. the harm to Willis in not granting the requested relief outweighs the harm, if any, to Defendant in granting a ~~preliminary injunction~~ temporary restraining order of the nature requested by Willis; and,

26527143v.2

D.  the public interest favors holding Herriott to his contractual obligations to Willis contained in his Restrictive Covenant Agreement ("RCA");

ACCORDINGLY, it is hereby ORDERED that Willis' Motion for a Temporary Restraining Order ~~and a Preliminary Injunction~~ is GRANTED, *in part* as follows:

A.  Herriott, directly or indirectly, whether alone or in concert with others, and anyone acting in concert with him, is hereby enjoined from continued prosecution of the California Action, and Herriott shall take all steps to promptly secure termination of ~~the California Action~~ *his claims in the California Action*, and he shall not commence or maintain any further action in violation of the RCA's Forum Selection Clause;

B.  Herriott, directly or indirectly, whether alone or in concert with others, including any owner, member, partner, shareholder, officer, agent, employee and/or representative of TigerRisk Partners, LLC, and anyone acting in concert with them, is hereby further enjoined from:[1]

   i.  soliciting any Relevant Client or Relevant Prospect for the purposes of any Business which competes or will compete or seeks to compete with the Restricted Group;

   ii. accepting, performing services for, or dealing with any Relevant Client or Relevant Prospect for the purposes of any Business which competes or will compete or seeks to compete with the Restricted Group;

---

[1] All capitalized terms in this Order are defined in the RCA.

26527143v.2

iii. ~~soliciting for employment or enticing away from the Restricted Group any Key Personnel;~~

iv. ~~employing or engaging or endeavoring to employ or engage any Key Personnel;~~

v. performing or supervising the performance of services or provision of products of the type sold or provided by him while employed by Willis Re on behalf of any Relevant Clients or Relevant Prospects;

vi. ~~soliciting for employment or enticing away from the Restricted Group any Key Personnel or the employing or endeavoring to employ or engage any Key Personnel;~~

vii. using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of Willis, including, but not limited to, the name, addresses, and financial information of Willis or any Willis client or prospective client or using, disclosing or transmitting for any purpose, including the solicitation of business, any Confidential Information;

viii. disclosing or using for his own purpose, or for the purpose of any other person or entity, any of Willis' trade secrets or other Confidential Information;

ix. destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the

parties, any records or documents (including data or information maintained in computer media) in Herriott's possession or control which were obtained from or contain information derived from any of Willis' records, which pertain to Willis, Willis Re's employees, clients, or prospective clients, or which relate to any of the events alleged in this action;

C. Herriott is hereby directed to return to Willis' counsel any and all records or information pertaining to Willis, Willis' Confidential Information or trade secrets, whether in the original, copies, computerized, handwritten, or any other form, and purge such information from their or its possession, custody, or control, within 24 hours of the Court's Order provided, however, that any information so purged shall be printed and saved to a computer disk or similarly accessible and readable recording device prior to purging and be returned to Willis pursuant to this paragraph; and,

D. Herriott is hereby further directed to fully and completely comply and conform with any and all of his other contractual obligations under the RCA, including compliance with any Order granting Willis' request for expedited discovery.

E. Within two business days, Plaintiffs shall deposit $10,000 as security. See Fed. R. Civ. P. 65(c).

DATED: __February 9__, 2021
New York, New York
   TIME: 5:25 p.m.

SO ORDERED

_____
United States District Judge
Hon. Jesse M. Furman

26527143v.2