**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY AND WILLIS RE INC., | : : : | Case No. 21-cv-00487 (JMF) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **JOINT CONFIDENTIALITY** |
| PAUL HERRIOTT, | : | **AGREEMENT AND ORDER** |
| | : | |
| Defendant. | : | |
| | : | |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties and any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto, including specifically non-party TigerRisk Partners LLC ("TigerRisk"),[1] that the following Joint Confidentiality Agreement and Order (the "Order") shall govern the handling of confidential and proprietary information produced by any party or by TigerRisk (the "Producing Party") during this litigation, any related proceedings and/or appeals therefrom, if any ("the litigation").

1. This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the litigation, either by a party or a non-party, to any other party or non-party, in response to or in connection with any discovery requests or subpoenas.

2. This Order applies to all non-parties producing documents or being deposed in connection with the litigation, and all such non-parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon execution of Exhibit A hereto.

---

[1] TigerRisk has already accepted service of subpoenas for documents and depositions from Plaintiffs.

3.      In responding to a request for discovery or a subpoena, or offering a witness for deposition, the Producing Party may designate as "Confidential" any documents, information, or deposition testimony that it believes in good faith contain (i) non-public business information, including but not limited to financial information, personnel information, client information, or other proprietary business information or trade secrets, (ii) non-public personal information, or (iii) information implicating a legitimate expectation of privacy concerning social security numbers, sensitive financial information, or other proprietary information.  All of the foregoing categories of information are collectively referred to as "Confidential Material."  A Producing Party that designates material as "Confidential" is referred to as a "Designating Party."

4.      In responding to a request for discovery or a subpoena, or offering a witness for deposition, the Producing Party may designate as "Highly Confidential" any documents, information, or deposition testimony that it believes in good faith contain trade secrets or that would otherwise create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.  Such information is referred to as "Highly Confidential Material."  A Producing Party that designates material as "Highly Confidential" is referred to as a "Designating Party."

5.      Any party or TigerRisk shall have the right to designate as "Confidential" or "Highly Confidential" documents or information provided by another party or non-party if the documents or information originated with or were created by the Designating Party, or contain Confidential or Highly Confidential Material, as defined herein, concerning the Designating Party.

6.      The parties shall, in good faith, use Confidential Material and Highly Confidential Material solely for the purposes of preparing for and conducting the litigation, but for no other purpose.

7.      The designation of material as Confidential Material or Highly Confidential Material for purposes of this Order shall be made in the following manner:

a.      in the case of documents, exhibits, briefs, memoranda, or other materials (apart from depositions or other pretrial testimony): by stamping "Confidential" or "Highly Confidential" on each page of any material containing any Confidential Material or Highly Confidential Material; and

b.      in the case of depositions or other pretrial testimony: (i) by a statement on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will mark the relevant testimony as "Confidential [or Highly Confidential] Information Governed by Protective Order"; (ii) by stamping "Confidential" or "Highly Confidential" on any page of the deposition transcript to be so designated and marking the cover of the transcript with "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL [or HIGHLY CONFIDENTIAL] MATERIAL" and providing a marked copy of the transcript to the other party within 5 business days after the transcript becomes available; or (iii) in any manner agreed to in advance by both parties and, if applicable, TigerRisk.

c.      If there is disagreement as to the appropriateness of the requested designation, the parties and, if applicable, TigerRisk are required to follow the protocol set forth below in paragraph 8, with the "Producing Party" being the party requesting the designation of testimony as Confidential or Highly Confidential and the objecting party being the equivalent of the "Receiving Party."

8.      If the Receiving Party has an objection to a Confidential or Highly Confidential designation, the Receiving Party shall notify the Producing Party of its objection within 3 business days.  The notification must be in writing and must detail the basis for such objection.  After

receiving the notification, if the Producing Party continues to believe that the information and/or documents should be designated Confidential or Highly Confidential, the Producing Party shall notify the Receiving Party within 3 business days of their continued disagreement and the Receiving Party shall then have 3 business days after sending this final notification (or a longer period of time if the parties agree or via Court Order) to seek an Order from the Court stating that the material is not entitled to Confidentiality or High Confidentiality.  The information and/or documents shall be treated as Confidential Material or Highly Confidential Material pending a decision by the Court.

9.     Once Confidential Material is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part by the parties receiving said information only to the following persons, who may make use of such information only in connection with the litigation:

a.     Outside counsel who represent parties or TigerRisk in the litigation and in-house counsel for the parties and TigerRisk, only as necessary in connection with this litigation, and employees of counsel assisting in the conduct thereof for use in accordance with this Order, only as necessary in connection with the litigation;

b.     Officers, directors, partners, or employees of any party or TigerRisk or their affiliates hereto who are performing duties in connection with this litigation, but only as necessary in connection with the litigation;

c.     Experts or consultants assisting the parties, but only as necessary in connection with the litigation;

d.     Potential or anticipated witnesses or deponents and their counsel, but only as necessary in connection with the litigation;

e.     The Court and its support personnel; and

f.      Court reporters employed in connection with the litigation.

10.     Once Highly Confidential Material is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part by the parties receiving said information only to the following persons, who may make use of such information only in connection with the litigation:

a.      Outside counsel who represent parties or TigerRisk in the litigation and in-house counsel for the parties and TigerRisk, only as necessary in connection with this litigation, and employees of counsel assisting in the conduct thereof for use in accordance with this Order, only as necessary in connection with the litigation;

b.      any person who authored, received, saw or was otherwise familiar with a document or thing marked "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

c.      Experts or consultants assisting the parties, but only as necessary in connection with the litigation;

d.      Potential or anticipated witnesses or deponents and their counsel, but only as necessary in connection with the litigation;

e.      The Court and its support personnel; and

f.      Court reporters employed in connection with the litigation.

11.     Before the Receiving Party or its counsel may show or disclose Confidential Material or Highly Confidential Material to any witness, expert, or consultant, that witness, expert, or consultant shall be provided a copy of this Order.  Such persons shall be required to confirm their understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit

A hereto, which copy shall be maintained by the party retaining the expert or consultant or who is examining or interviewing the witness.  If a witness refuses to execute a copy of Exhibit A attached hereto, then the Receiving Party shall seek and obtain either a written agreement from all parties and, if applicable, TigerRisk in advance or appropriate relief from the Court prior to showing or disclosing the Confidential Material or Highly Confidential Material to such witness.  Any disclosure of Confidential Material or Highly Confidential Material to witnesses, experts, and/or consultants must be necessary, in the opinion of the Receiving Party, for the conduct of the litigation.  Such opinion shall not impact the right of the Producing Party to seek relief from the Court if the Producing Party believes that the disclosure was not necessary to the conduct of the litigation.  If the Receiving Party intends to use Confidential Material or Highly Confidential Material in connection with any papers to be filed with the Court, the Receiving Party shall seek to file such Confidential Material or Highly Confidential Material under seal.  To the extent possible and/or practicable, and in accordance with applicable court rules, Confidential Material (or Highly Confidential Material) and non-Confidential Material shall be filed separately, and a party shall seek to file only Confidential Material or Highly Confidential Material under seal.  This Paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being delivered to Chambers and/or to the other parties to the litigation, so long as reasonable safeguards are observed by the parties to maintain the confidentiality of the pleading or document.

12.     If any party wishes to use Confidential Material or Highly Confidential Material during any hearing or trial in the litigation, the parties and, if applicable, TigerRisk will, before the hearing or trial, confer in good faith to attempt to agree upon a method to protect such Confidential Material or Highly Confidential Material.  If the parties and, if applicable, TigerRisk are unable to

reach agreement, the party opposing the use of such Confidential Material or Highly Confidential Material may seek a Court Order protecting such Confidential Material or Highly Confidential Material during the hearing or trial.  The parties agree to abide by the terms of this Order pending resolution by the Court of any such dispute unless the Court does not resolve such dispute prior to the commencement of the hearing or trial.

13.     The use of any Confidential Material or Highly Confidential Material in the litigation shall not cause such material to lose its "Confidential" or "Highly Confidential" status. Any person so using such Confidential Material or Highly Confidential Material shall take all reasonable steps to protect its confidentiality during such use.

14.     Entering into, agreeing to, producing, or receiving Confidential Material or Highly Confidential Material under, or otherwise complying with, this Order shall not be construed as a waiver of the right of any party or any non-party subject to this Order:

        a.      to object to the production of documents that it considers not subject to discovery;

        b.      to petition the Court for a further protective order relating to any Confidential Material or Highly Confidential Material;

        c.      to seek a Court determination as to whether any documents or testimony constitute Confidential Material or Highly Confidential Material under the terms of this Order; or

        d.      to object to the introduction of any Confidential Material or Highly Confidential Material as evidence at any hearing or trial in this matter.

15.     The inadvertent failure to designate a document as "Confidential" or "Highly Confidential" at the time of disclosure shall not be deemed a waiver of the Producing Party's claim

26729785v.1

of confidentiality.  The Producing Party may cure such an inadvertent failure upon written notice to the other party.

16.     In the event that the Producing Party inadvertently produces a document or thing that otherwise is not discoverable for reasons of the attorney-client privilege or work product doctrine, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product doctrine and all copies of such inadvertently produced documents and things shall promptly be returned by the Receiving Party to the Producing Party upon request by the Producing Party.  Upon such demand, the Receiving Party shall return the documents and things and not retain copies thereof.

17.     If a Receiving Party is served with a demand, subpoena, or other legal process in any other action that seeks discovery material which was produced or designated as "Confidential" or "Highly Confidential" by the Producing Party, the Receiving Party shall give the Producing Party prompt written notice, by hand, email or facsimile transmission, within 5 business days or as soon as possible thereafter of receipt of such demand, subpoena, or other legal process and shall not produce such Confidential Material or Highly Confidential Material until any objections to such production are resolved, unless to do so would require the Receiving Party to violate an order from a court of competent jurisdiction.

18.     Within 30 days after the termination of the litigation, the Receiving Parties shall either return any Confidential Material or Highly Confidential Material and all copies to the Producing Party or certify in writing to the Producing Party that such documents have been destroyed.  The parties shall make reasonable efforts so that all experts and consultants they have retained abide by this provision.  Notwithstanding the foregoing, a Receiving Party will not be required to delete electronic Confidential Material or Highly Confidential Material stored in back-

up/archival storage in accordance with its policies, provided that any such retained Confidential

Material or Highly Confidential Material will continue to be subject to the terms of this Order until

it is destroyed by the Receiving Party.  In the event that a Receiving Party has or acquires actual

knowledge of any breach of the confidentiality of, or the misappropriation of, any Confidential

Material or Highly Confidential Material received under this Order, such party shall promptly give

notice thereof to the Producing Party.

19.    The parties agree to be bound by the terms of this Order pending its entry by the

Court, or pending the entry of an alternative thereto which is satisfactory to all parties and

TigerRisk, and any violation of the Order's terms shall be subject to the same sanctions and

penalties as if the Order had been entered by the Court.

20.    The parties to this Order may agree in writing to alter or waive the provisions or

protections provided for herein with respect to particular discovery material.

*This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).*

Dated: March 9, 2021
       New York, New York

**WHITE AND WILLIAMS LLP**

By:  */s/ Scott H. Casher, Esquire*
Scott H. Casher, Esq.
George C. Morrison, Esq.
Times Square Tower
7 Times Square, Suite 2900
New York, NY 10036
*Attorneys for Plaintiffs*

**DORSEY & WHITNEY LLP**

By:  */s/ Mark S. Sullivan, Esquire*
Mark S. Sullivan, Esq.
Joshua Colangelo-Bryan, Esq.
51 West 52nd Street
New York, NY 10019
*Attorneys for Defendant
and TigerRisk Partners LLC*

IT IS SO ORDERED.

Dated:  March 10, 2021
        New York, New York

Hon. Jesse M. Furman, USDJ

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY AND WILLIS RE INC., | : : : |
| Plaintiffs, | : : |
| v. | : : : |
| PAUL HERRIOTT, | : : : |
| Defendant. | : : |

Case No. 21-cv-00487 (JMF)

**EXHIBIT A -**
**ACKNOWLEDGEMENT OF**
**CONFIDENTIALITY**

_____

I, the undersigned, hereby acknowledge that I have read the Joint Confidentiality Agreement and Order (the "Order").  I understand and agree to be bound by the terms and conditions of that Order.  I further consent to the jurisdiction of this Court, but only for purposes of enforcement of the Order, which shall not be deemed a consent to the jurisdiction of this Court for any other purpose.  I understand and agree that disclosure or use of Confidential Material or Highly Confidential Material other than in accordance with the terms and conditions of the Order may result in imposition of sanctions, including, but not limited to, punishment for contempt of Court.

_____        _____
Date                                                                  Signature


Provide information below, where Receiving Party is a business entity:


Signed on behalf of:                                  In capacity as:


_____        _____
Name of Receiving Party                              Title of Signatory

26729785v.1