

MARK S. SULLIVAN
Partner
(212) 415-9245
FAX (212) 953-7201
sullivan.mark@dorsey.com

March 22, 2021

**VIA ECF**

Hon. Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

     Re:    *Willis Re Inc., et al. v. Herriott,* No. 21-cv-00487(JMF)

Dear Judge Furman:

     We represent defendant Paul Herriott in the above-referenced matter. By this letter-motion we seek leave to file a sur-reply in the event that the Court elects to consider new material and arguments Plaintiffs improperly submitted on reply in support of their application to find Herriott in contempt of the Temporary Restraining Order ("TRO"), dated February 9, 2021 (Dkt. No. 41).

     First, Plaintiffs filed the Declaration of Scott H. Casher ("Casher Decl."), which appended a March 11, 2021 email by which we provided Plaintiffs' counsel with Willis Re Inc. files that Herriott had possessed. Plaintiffs' counsel complains that these documents had not been provided to Plaintiffs earlier and have not been purged. Casher Decl. ¶¶ 2-5. Plaintiffs' counsel further asserts that certain documents Plaintiffs believe were emailed to Herriott's personal email account were not among the materials returned on March 11. *Id.* ¶¶ 6-11. On this basis, Plaintiffs now assert for the first time that Herriott is in contempt of the TRO for failing to return Willis Re material. *See* Reply in Further Support of Plaintiffs' Emergency Order to Show Cause to Find Defendant in Contempt ("Plaintiffs' Reply") at 2-3.

     Second, Plaintiffs submitted on reply a broker of record letter that was not presented with their opening papers and that relates to a client that was not addressed in their opening papers. *See* [Second] Declaration of James Bradshaw, Exhibit A. Bradshaw also makes the cursory statement that, while at Willis Re, Herriott had business dealings with and was responsible for the client. *Id.* ¶ 4. Plaintiffs now appear to claim, for the first time, that Herriott violated the TRO in connection with this client. Plaintiffs' Reply at 7.

     Given that Plaintiffs did not make these arguments or present these alleged facts in their opening papers, but offer them only on reply, the arguments and alleged facts should not be considered. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not



Hon. Jesse M. Furman
March 22, 2021
Page 2

consider an argument raised for the first time in a reply brief."); *In re GM LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 U.S. Dist. LEXIS 161741, at *378-80 (S.D.N.Y. Nov. 30, 2015) ("New GM's Rule 407 argument can be swiftly rejected on two grounds. First, New GM did not make the argument until its reply brief, so the Court declines to consider it. *See, e.g., Tutor Time Learning Centers, LLC v. GKO Grp., Inc.*, No. 13-CV-2980 (JMF), 2013 U.S. Dist. LEXIS 148316, 2013 WL 5637676, at *1 (S.D.N.Y. Oct. 15, 2013) ("[A]rguments raised for the first time in a reply memorandum are waived and need not be considered")."); *Royal Park Invs. v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018) (declining to consider new testimony from employee of moving party only submitted with reply brief).

If, pursuant to these authorities, the Court chooses not to consider Plaintiffs' new arguments and factual assertions, naturally, there would be no need for a sur-reply. However, if the Court elects to consider the new material, we seek leave to file a brief sur-reply memorandum of law and a declaration from Herriott to address the arguments and factual contentions substantively.

Respectfully submitted,

Mark S. Sullivan