UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIS TOWERS WATSON PUBLIC LIMITED
COMPANY and WILLIS RE INC.,

                                 21-CV-00487 (JMF)

                        Plaintiffs,

      v.

PAUL HERRIOTT,

                        Defendant.
-----------------------------------------------------------------X

## DEFENDANT'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY ORDER TO <u>SHOW CAUSE TO FIND DEFENDANT IN CONTEMPT</u>

Mark S. Sullivan
Joshua Colangelo-Bryan
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019-6119
(212) 415-9245

*Attorneys for Defendant Paul Herriott*

Pursuant to the Court's March 22, 2021 Order (Dkt. No. 87), Defendant Paul Herriott submits this sur-reply memorandum of law in opposition to Plaintiffs' Emergency Order to Show Cause to Find Defendant in Contempt (the "Motion"), in order to respond to new allegations and arguments presented in Plaintiffs' reply papers.

## ARGUMENT

### I.     The Return of Willis Re Inc. Files

Plaintiffs' reply papers include the Declaration of Scott H. Casher ("Casher Decl."), which appended a March 11, 2021 email by which counsel for Herriott provided Plaintiffs' counsel with Willis Re emails and electronic files that Herriott had possessed.  Plaintiffs complain that these documents had not been provided to Plaintiffs earlier and have not been purged.  *See* Reply in Further Support of Plaintiffs' Emergency Order to Show Cause to Find Defendant in Contempt ("Plaintiffs' Reply") at 2.  Plaintiffs further assert that certain documents they believe were emailed to Herriott's personal email account were not among the materials returned on March 11.  *Id.* at 2-3.  On this basis, Plaintiffs assert, for the first time on reply, that Herriott is in contempt for failing to return Willis Re material.  *Id.*

In complaining that Herriott has not destroyed the Willis Re files that were returned to Plaintiffs' counsel, Plaintiffs simply ignore the final sentence of the March 11 email by which those files were returned, despite submitting that communication to the Court:

> Upon your instruction, we will destroy all copies of these materials.

Casher Decl., Exhibit A (emphasis added).

Obviously, counsel for Herriott wanted to be certain Plaintiffs' counsel had received the documents before destroying them.  *See* TRO at 4 (providing that Willis Re material was to be saved at least temporarily before being purged and returned to Willis Re).  To effectuate the

destruction of that material, Plaintiffs' counsel simply had to respond to the email – which remains the case.  However, counsel never even acknowledged receipt of the email.  As such, Plaintiffs cannot legitimately blame Herriott or his counsel for not having deleted the material.

Plaintiffs also assert that Herriott failed to return all Willis Re emails and electronic files he possessed, because they report finding certain emails with attachments that Herriott sent to his personal email account which were not included with the returned materials.  *See* Plaintiffs' Reply at 2-3 (complaining of a failure to "return emails that [Herriott] sent from his Willis Re email account to his personal email account").  This assertion is far from clear and convincing evidence of contempt.  In fact, in the normal course of his work for Willis Re, Herriott occasionally emailed Willis Re files to his personal email account so he could more easily work on matters from home.[1]  Supplemental Declaration of Paul Herriott ("Supp. Herriott Decl.") ¶ 2.  Often, Herriott deleted such emails and files after using them, which would explain any purported gaps in the return of those items.  *Id*. ¶¶ 2, 5.

Most fundamentally, though, Herriott's sworn statement establishes that he has provided to his counsel all Willis Re emails and files in his possession, which were provided by his counsel to Plaintiffs' counsel.  *Id.* ¶ 5.  And, while Plaintiffs' speculation that Herriott "may have continued to use the information improperly, including sharing it with TigerRisk" (Plaintiffs' Reply at 2), is facially insufficient to establish a violation, it also is false.  *See* Supp. Herriott Decl. ¶ 4.[2]

---

[1] Herriott was not able to access Willis Re's computer system, including the email system, reliably from his personal computer.  Therefore, in instances when he would be working from home, but without his Willis Re laptop, he sent emails to his personal email account to access on his personal computer.  On other occasions, if he had his Willis Re laptop, but wanted to use two screens (the Willis Re laptop and the personal computer), he did the same.  Supp. Herriott Decl. ¶ 2.

[2] On January 14, 2021, Herriott sent a list of all Willis Re electronic files he had to Willis Re's in-house counsel, asking for direction as to how to return those items to Willis Re.  Supp. Herriott Decl. ¶ 3, Exhibit A.  Willis Re's

In sum, to the extent Plaintiffs' counsel had any genuine questions regarding the return of Willis Re files, those are matters that attorneys should resolve through a telephone call, not through belatedly raising them on a motion for contempt.  And, ultimately, all material in Herriott's possession was returned *before* Plaintiffs filed their motion which, again, did not raise this issue.[3]

## II.   <u>The New Broker of Record Letter</u>

On reply, Plaintiffs submitted a broker of record letter that was not presented with their opening papers and that relates to a client that was not addressed in their opening papers.  *See* [Second] Declaration of James Bradshaw ("Bradshaw Decl."), Exhibit A.  Plaintiffs now appear to claim, for the first time, that Herriott violated the TRO in connection with this client.  Plaintiffs' Reply at 7.

Plaintiffs fall well short of providing clear and convincing evidence in this context because they do not even attempt to allege any actual conduct by Herriott in connection with the client at issue, following the TRO.  Rather, their essential argument is that the fact of the letter itself demonstrates Herriott solicited the client.  Plaintiffs' Rely at 7.  This tack is consistent with Plaintiffs' overall theory that, anytime a former Willis Re client moves its business to TigerRisk Partners LLC, it constitutes a violation of the TRO, even without evidence of Herriott's involvement.  As in the other instances where Plaintiffs have taken this position, Plaintiff's argument that the issuance of the newly presented letter is *per se* a violation fails as a matter of

---

counsel did not respond.  *Id.* ¶ 3.

[3] We acknowledge that the return of the Willis Re files did not occur within the time frame the TRO delineated.  To some extent, this delay resulted from the substitution of counsel, which does not excuse the delay.  However, the delay was not due to any action by Herriott – and no such action is cited by Plaintiffs.

law and fact.  That threshold failure aside, Herriott's sworn statement establishes that, since the

TRO was issued, he has not done any work directly or indirectly relating to this client, which

includes specifically not soliciting or performing services for this client.  *See* Supp. Herriott

Decl. ¶ 7.

## <u>CONCLUSION</u>

For the reasons addressed above and in Herriott's Memorandum of Law in Opposition to

Plaintiffs' Emergency Order to Show Cause to Find Defendant in Contempt, Herriott

respectfully requests that the Motion be denied.


Dated: New York, New York
       March 23, 2021

DORSEY & WHITNEY LLP

By: */s/ Mark S. Sullivan*
    Mark S. Sullivan
    Joshua Colangelo-Bryan
    51 West 52nd Street
    New York, New York 10019
    (212) 415-9245

*Attorneys for Defendant Paul Herriott*