

**Scott H. Casher**

7 Times Square, Suite 2900 | New York, NY 10036-6524
Direct 914.487.7343 | Fax 914.487.7328
cashers@whiteandwilliams.com | whiteandwilliams.com

April 2, 2021

<u>VIA ECF</u>

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> The parties shall make the necessary arrangements to proceed with TrialGraphix for the April 15, 2021 hearing. In light of CEO1 and CEO2's roles as witnesses, Plaintiffs do not come close to providing a sufficient basis to overcome the "strong presumption of public access," *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 121 (2d Cir. 2006), let alone to restricting public access to the April 15 proceeding. Accordingly, the identities of CEO1 and CEO2 (and the entities with which they are associated) shall be unsealed; to that end, Defendant shall file unredacted copies of their declarations no later than April 8, 2021. The identities of the remaining clients at issue, however, may remain under seal; counsel should confer in an effort to agree on how to preserve that confidentiality during the hearing. SO ORDERED.
>
> [signature]
>
> April 6, 2021

RE:     WTW, et al. v. Herriott; No. 21-CV-00487

Dear Judge Furman:

Pursuant to the Court's March 25, 2021 Order (ECF 92), the parties jointly submit this correspondence regarding the upcoming April 15, 2021 hearing. The parties conferred and hereby submit the following information requested in the Court's Order:

(1) the parties agree to use Trial Graphics as the vendor for the hearing;

(2) the witnesses to appear to be cross-examined during the hearing are as follows: Paul Herriott, Scott Strenge, "CEO 1", "CEO 2", Jim Bradshaw, Carolyn Greene and Gerald Sheehan;

(3) Willis requests that confidential client information contained in the unredacted declarations and BORs remain sealed. Your Honor's Individual Rules and Practices in Civil Cases, section 7(C)(iii), permit sealing, and the redactions at issue are very narrowly tailored. In addition, while counsel for Defendant asserts that two clients may not have an issue revealing their identities publicly in their declarations, they did not state as such in their declarations, and there remains the issue of six BORs, and the identities of four clients other than the two referenced by counsel for Defendant. See EFCG, Inc. v. AEC Advisors, LLC, 2020 U.S. Dist. LEXIS 210630, 2020 WL 7121855 (S.D.N.Y. November 9, 2020) (granting plaintiff's request to redact and seal client names); Awestruck Marketing Grp., LLC v. Black Ops Prods., LLC, 2016 U.S. Dist. LEXIS 190345, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting sealing motion as to client list); Playtex Prods., LLC v. Munchkin, Inc., 2016 U.S. Dist. LEXIS 42261, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (permitting proposed redactions of client information). Counsel for Defendant has not represented to this Court that the names of the two clients are not sensitive and proprietary, or that the names are generally publicly available, or

The Honorable Jesse M. Furman
April 2, 2021
Page 2

that revealing the two names will not cause significant competitive harm to Plaintiffs, or that Plaintiffs' privacy interests and the likely harm they may suffer if the two names (or other names) are revealed to their competitors is somehow outweighed by the need for public access.

Herriott's position is that the information does not warrant sealing under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) and that neither CEO 1 nor CEO 2 has requested confidentiality. In addition, in Herriot's view, referring to Clients 1-6, and potentially other clients, by number will be cumbersome and possibly confusing.

(4) Given the confidential nature of the client information, Willis requests that the April 15 remote hearing be open only to the parties and counsel. Alternatively, Willis requests that the clients not be referred to by name at the hearing, but rather as Clients 1-6, respectively, which will be neither cumbersome nor confusing as a chart can be provided to the Court, to counsel, and to any testifying witness identifying the names of Client 1, Client 2, etc.

Thank you for your continued time and attention to this matter.

Respectfully submitted,

| WHITE AND WILLIAMS LLP | DORSEY & WHITNEY LLP |
|---|---|
| */s/Scott H. Casher* | */s/Mark S. Sullivan* |
| Scott H. Casher | Mark S. Sullivan |
| George C. Morrison | Joshua Colangelo-Bryan |
| For Plaintiffs | For Defendant |

cc: All counsel of record (via ECF)