UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
         :
WILLIS RE INC., et al.,         :
         :
       Plaintiffs,         :
         :    21-CV-487 (JMF)
    -v-         :
         :    ORDER ESTABLISHING
PAUL HERRIOTT,         :    REMOTE HEARING
         :    PROCEDURES
       Defendant.         :
         :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This action is scheduled for a remote hearing on Plaintiffs' contempt motion to begin on **April 15, 2021**, at **9:30 a.m**. Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure and the Standing Orders in this District concerning the current COVID-19 pandemic, the pandemic provides good cause in compelling circumstances to allow this hearing to be conducted remotely (from locations other than the courtroom) through the use of telephonic and videoconferencing solutions. Accordingly, pursuant to this Order, and after due deliberation, this Court adopts the following hearing procedures as appropriate safeguards for the hearing.

       IT IS HEREBY ORDERED THAT:

       **1.**    **Prior Orders and Individual Practices**. This Order shall supplement and not supersede the Court's (a) prior Orders setting hearing-related procedures and deadlines, (b) Individual Rules and Practices, and (c) Emergency Individual Rules and Practices, all of which remain in effect unless expressly stated herein to the contrary.

       **2.**    **Telephonic and Videoconferencing Solutions**. The hearing shall take place using both telephonic and videoconferencing solutions as set forth herein. This hearing will be

conducted entirely by remote means utilizing the platform identified by the Court ("Zoom"), which will be hosted by the independent third-party vendor identified in the parties' joint letter of April 2, 2021. ECF No. 95. The public will be able to observe the hearing via an audio-only dial-in number by calling **1-703-552-8058** with access code **231224**. The Court shall provide the Zoom link to the persons whom the parties identified as Zoom participants according to paragraph 3 below. All counsel and witnesses to participate via Zoom shall participate in appropriate pre-hearing testing of Zoom, including as may be directed by the Court. During the course of the hearing, witnesses appearing via Zoom shall use the Zoom link provided by the Court only at the time they are testifying.

      3.      **Prior Notice of Intent to Zoom**. The parties shall provide the Court with a list of the names of all attorneys and witnesses who will attend the hearing via Zoom by **no later than two (2) business days before the hearing**. For witnesses, the party offering the witness shall be responsible for ensuring that the witness is given the appropriate Zoom link.

      4.      **Exhibits Not Included in the Exhibit List**. Any exhibit that the parties intend to use at the hearing for any purpose other than solely for impeachment and that was not included in the materials submitted in connection with Plaintiffs' contempt motion must be submitted via email by the offering party to the Court (at Furman_NYSDChambers@nysd.uscourts.gov) and the other parties in .pdf or .xls format **no later than two business days before the hearing**. The Court reserves judgment on whether any such exhibit may be used at the hearing.

      5.      **Demonstratives**. Any demonstrative that the parties intend to use at the hearing that was not included in the materials submitted in connection with Plaintiffs' contempt motion must be submitted via email by the offering party to the Court (at Furman_NYSDChambers@nysd.uscourts.gov) and the other parties in .pdf or .xls format **no later than 9:00 am one**

**business day before the witness is expected to testify**.  Any objections may be heard before the witness takes the stand.  The Court reserves judgment on whether any such demonstrative may be used at the hearing.

      6.      <u>**Use of Exhibits at the Hearing:  Hardcopies**</u>.  Each party shall send the exhibits that it intends to use as part of its direct examination of each adverse witness, or for cross-examination of each witness, in the following manner.  The Court will be provided via email, *ex parte*, a folder containing electronic copies of the exhibits and bearing the witness's name **at least two (2) days before the witness is called to testify**.  Opposing counsel will be sent two sealed binders containing identical, hardcopy sets of the exhibits (the "witness binders") **two (2) days before the witness is called to testify**.  At the same time, **two (2) days before the witness is called to testify**, Opposing Counsel receive a third, identical sealed witness binder, which they will then be responsible for delivering to their respective witness.  If agreed to by the parties for any particular witness, Counsel for the party that is conducting a direct examination of an adverse witness or cross-examination of a witness may send the sealed binder directly to that witness.  Neither the witnesses nor Opposing Counsel shall unseal the witness binders and review the exhibits prior to the Court instructing them to do so at the start of the witness's examination.  In the event that counsel wishes to use as an exhibit during his or her examination that has not been previously provided pursuant to the instructions set forth in this paragraph, counsel shall notify the Court and opposing party as soon as practicable, and the matter shall be addressed in conference on the morning of the day that the witness is to be called to testify.

      7.      <u>**Use of Exhibits at the Hearing:  Electronic Copies**</u>.  Notwithstanding Paragraph 6 above, if agreed to by the parties for any particular witness, a party may instead provide that witness and opposing counsel with a password-protected, electronic file of exhibits

via email. A party's distribution of such electronic file shall follow the same schedule set forth in paragraph 6. Immediately prior to the commencement of the witness's examination, the examining party will provide opposing counsel and the witness with the password to access the exhibits.

8. **Exhibits Solely for Impeachment**. Because cross-examination is fluid and its contours cannot always be predicted, this Order is not intended to preclude a party from using an exhibit for cross-examination purposes that was not provided pursuant to the instructions set forth in paragraph 5 or 6 if that exhibit becomes relevant due to the testimony elicited during the witness's direct testimony (if the witness did not submit a declaration) or during the course of cross-examination. Such exhibits will be first emailed to the Court and opposing counsel immediately prior to being shown to the witness. Once approved by the Court, the exhibit may then be published to the witness electronically.

9. **Substantive Exhibits and Declarations in Lieu of Direct Testimony**. The parties shall email and/or mail the Declaration that they submitted in lieu of direct testimony to the respective declarant, as well as any substantive exhibits cited in the Declaration, such that they are delivered to the witnesses at **least two (2) business days before the first day of the hearing**.

10. **Witness Testimony**. Rule 43(a) of the Federal Rules of Civil Procedure provides that for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the hearing shall testify by contemporaneous transmission from a location other than the Courtroom. All witnesses shall be sworn in over Zoom, and their testimony will

have the same effect and bind themselves in the same manner as if they were sworn in by the Court deputy in person in open court at the courthouse.  The party that submitted an affidavit/declaration for, or served a subpoena to testify on, a witness shall be responsible for ensuring that the witness (a) has received the Zoom link from the Court; and (b) has been registered with Zoom.  No person may be present in the room where the witness testifies during that witness's testimony except for that witness's counsel (if any), who may only interpose lawful objections to questions posed by an examining attorney and may not communicate or confer with the witness during the examination of that witness.  No person may be in communication with any witness during the witness's examination except for the Court and the examining attorneys on Zoom.  No documents may be in the room where the witness testifies during the witness's examination except for the witness's affidavit in lieu of direct testimony and all exhibits that the parties submitted to the Court.  The testifying witness and the party that submitted the witness's declaration (if any) shall be responsible for ensuring that the witness has a stable audio and video connection throughout the witness's examinations.  Upon the third occurrence of a loss of audio and/or video during the same witness's examination, the Court will consider adjourning the witness's examination until the Court is assured that the witness's audio and video will function properly.  In the event that there is an error or malfunction with remote technology, the Court may order that the testimony proceed by dial-in using a telephone number provided by the Court.  Upon the conclusion of his or her testimony, the witness shall disconnect from the link.

      **11.**    <u>**Courtroom Formalities**</u>.  Although being conducted by use of telephonic and videoconferencing solutions, the hearing constitutes a court proceeding, and any recording other than the official court version is prohibited.  No one may record images or sounds from any

location.  The formalities of a courtroom must be observed.  When called to testify, a witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

        **12.** **<u>Potential Change in Circumstances</u>**.  This Order shall be subject to a material change in circumstances that might arise, particularly with respect to the COVID-19 pandemic.  The parties may seek modifications of the procedures set forth for good cause shown.

        SO ORDERED.

Dated: April 12, 2021  
       New York, New York

                                          JESSE M. FURMAN  
                                          United States District Judge