UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY and WILLIS RE INC.<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PAUL HERRIOTT<br><br>　　　　　　　　　Defendant. | 21-CV-487 (JMF)<br><br>**ORDER** |

AND NOW, this  5th  day of       August        , 2021, upon consideration of the Motion for a Preliminary Injunction by Plaintiffs Willis Towers Watson Public Limited Company ("WTW") and Willis Re Inc. ("Willis Re") (collectively "Willis"), and any response(s) thereto by Defendant Paul Herriott ("Herriott"), and this Court having determined that:

　　　A.　　Willis has shown a reasonable likelihood of prevailing on the merits of its claims;

　　　B.　　Willis will likely suffer irreparable harm if the requested relief is not granted;

　　　C.　　the harm to Willis in not granting the requested relief outweighs the harm to Defendant in granting a preliminary injunction of the nature requested by Willis; and,

　　　D.　　the public interest would not be disserved by the grant of the injunction requested by Willis;

27534966v.1

ACCORDINGLY, it is hereby ORDERED that the Motion for Preliminary Injunction by Willis is GRANTED, as follows:

A. Herriott, directly or indirectly, whether alone or in concert with others, and anyone acting in concert with him, is hereby enjoined until February 9, 2023 from continued prosecution of the California Action and he shall not commence or maintain any further action in violation of the RCA's Forum Selection Clause;[1]

B. The following are Relevant Clients: Minnesota Lawyers Mutual ("MLM"), Cooperative of American Physicians/Mutual Protection Trust ("CAP"), California Health Insurance Company ("CHI"), the Mutual, NORCAL, Berkley Design Professional ("Berkley Design"), Berkley Healthcare, and Hawaii Association of Physicians for Indemnification ("HAPI").

C. Herriott, directly or indirectly, whether alone or in concert with others, including any owner, member, partner, shareholder, officer, agent, employee and/or representative of TigerRisk Partners, LLC, and anyone acting in concert with them, is hereby further enjoined until February 9, 2023:

   i. from directly or indirectly soliciting any Relevant Client for the purposes of any Business which competes or will compete or seeks to compete with the Restricted Group;

---

[1] All capitalized terms in this Order are defined in the RCA.

27534966v.1

ii. from accepting, directly or indirectly performing services for, or dealing with any Relevant Client for the purposes of any Business which competes or will compete or seeks to compete with the Restricted Group;

iii. ~~from using, disclosing, or transmitting for any purpose, including the solicitation of business, the information contained in the records of Willis, including, but not limited to, the name, addresses, and financial information of Willis or any Willis client or prospective client or using, disclosing or transmitting for any purpose, including the solicitation of business, any Confidential Information as defined in the RCA;~~

iv. ~~from disclosing or using for his own purpose, or for the purpose of any other person or entity, any of Willis's trade secrets or other Confidential Information (as defined in the RCA);~~

v. ~~from destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Herriott's possession or control which were obtained from or contain information derived from any of Willis records, which pertain to Willis, Willis employees, clients, or prospective clients, or which relate to any of the events alleged in this action;~~

D. ~~Herriott shall fully and completely comply and conform with any and all of his other contractual obligations under the RCA.~~

SO ORDERED.

The Honorable Jesse M. Furman

August 5, 2021

27534966v.1